UNITED STATES of America,
Plaintiff–Appellee,

v.

Alberto Valdez PONCE,
Defendant–Appellant.

No. 89–5628
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1990.

Manuel G. Escobar, Jr., San Antonio, Tex. (Court appointed counsel), for defendant-appellant.

LeRoy Morgan Jahn, Glenn W. MacTaggart, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

PER CURIAM:

Defendant-appellant, Alberto Valdez Ponce (Ponce), appeals the sentence that he received after pleading guilty to a charge of possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1). Finding no error, we affirm the sentence imposed by the district court.

I.

A grand jury returned an eight-count indictment against Ponce and others. Ponce was charged with conspiracy to possess cocaine with intent to distribute in

violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one) and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (count five). Through appointed counsel, Ponce entered into an agreement to plead guilty to count five of the indictment. In exchange, the government agreed 1) not to oppose a finding that Ponce had demonstrated an acceptance of personal responsibility for his conduct and 2) to move to dismiss count one of the indictment.

Following Ponce's plea, a pre-sentence investigative report (PSIR) was written. It is uncontroverted that on June 1, 1988, DEA Special Agent Wade purchased approximately one ounce of cocaine from Louis Cantu and Ponce for $1100 (the offense of conviction). If only the one ounce of cocaine were considered, Ponce's base offense level for a criminal history category of III would equal 12. In the PSIR, however, the probation officer calculated Ponce's base offense level at 20 on the offense of conviction as well as the quantities of cocaine implicated in transactions involving Ponce's alleged co-conspirators. In sum, such "relevant conduct" involved a total of 231.3 grams of cocaine.

Ponce filed the following objections to the PSIR: 1) Ponce was not a part of any criminal organization or conspiracy; 2) the PSIR failed to connect Ponce to the alleged criminal activity of the co-defendants since Ponce's participation in alleged criminal activity was mentioned only in paragraphs 8 and 12 of the PSIR; 3) Ponce's base offense level should be 12 because his involvement was limited to the 23.98 grams of cocaine discussed in Paragraph 8 of the PSIR and 82 milligrams of cocaine detailed in Paragraph 12 of the PSIR; and 4) Ponce believed he was entitled to an adjustment for acceptance of responsibility. The court adopted the factual statements of the PSIR to which there were no objections. The court also ruled that Ponce was a member of a criminal organization, and therefore, that the total drug quantities mentioned in the PSIR should be used in computing his sentence. Further, the court found a downward adjustment for acceptance of responsibility unwarranted.

The sentencing range set by the Sentencing Guidelines (the Guidelines) for Ponce's offense as calculated in the PSIR was 41–51 months. The court sentenced Ponce to a term of imprisonment of 41 months and a five-year term of supervised release. Ponce appealed in a timely manner.

II.

At sentencing, the district court is required to resolve "specifically disputed issues of fact if it intends to use those facts as the basis for its sentence." *United States v. Rodriguez*, 897 F.2d 1324, 1327 (5th Cir.1990). Such factual findings will be upheld on appeal unless they are clearly erroneous. *United States v. Perez*, 897 F.2d 751, 752–53 (5th Cir.1990). Thus, "[w]e will uphold the district court's sentence so long as it results from a correct application of the guidelines to factual findings which are not clearly erroneous." *United States v. Sarasti*, 869 F.2d 805, 806 (5th Cir.1989); *see also United States v. Buenrostro*, 868 F.2d 135, 136 (5th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990). ("A reviewing court will uphold a sentence unless the sentence was 'imposed in violation of law,' or was 'imposed as a result of an incorrect application of the sentencing guidelines,' or was 'outside the range of the applicable sentencing guideline, and is unreasonable.' ") (quoting 18 U.S.C. §§ 3742(d) and (e)).

In the case at hand, the sentencing court found *inter alia*, for the purposes of sentencing, that Ponce was part of a conspiracy to distribute cocaine. Consequently, the sentencing court considered the entire quantity of cocaine discussed in the PSIR and the indictment in setting Ponce's sentence. We have previously held that "[a] district court's findings about the quantity of drugs implicated by the crime are factual findings reviewed under the 'clearly erroneous' standard." *United States v. Rivera*, 898 F.2d 442, 445 (5th Cir.1990). Thus, we review the district court's calculation of Ponce's sentence based on the offense of conviction and relevant conduct

involving a total of 231.3 grams of cocaine to assess whether it is a correct application of the Guidelines and whether the underlying factual findings were clearly erroneous.

### III.

Ponce contends that drug quantities beyond the amounts of cocaine involved directly in count five, to which he pleaded guilty, should not have been considered in computing his base offense level. In order to consider this claim, we track through the relevant Guideline provisions.

Under section 1B1.1(a) of the Guidelines, we must first "[d]etermine the offense guideline section in Chapter Two ... most applicable to the offense of conviction." U.S.S.G. § 1B1.1(a). In the instant case, as Ponce was convicted for the sale of under 25 grams of cocaine, section 2D1.1, which controls cases involving "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit these Offenses)," applies. Subsection (a)(3) of section 2D1.1 dictates that the base offense level be set in accordance with the "Drug Quantity Table" contained in subsection (c) of the same section.

As detailed *supra*, Ponce argues that because the PSIR links him directly to less than 25 grams of cocaine, the facts in the case at hand place it within the parameters of base offense level 12. *See* U.S.S.G. § 2D1.1(c). On the other hand, the government contends—and the district court agreed—that the correct base offense level should reflect the entire quantity of cocaine mentioned in the PSIR and the indictment and, therefore, is 20. Facing these divergent views of the appropriate application and Guideline range, we return to section

1B1.2 for guidance. Such section instructs us that after the determination of the appropriate offense guideline sections, the applicable guideline range is determined "in accordance with § 1B1.3 (Relevant Conduct)." U.S.S.G. § 1B1.2(b).

Section 1B1.3(a), in turn, states in part:

> Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level ... shall be determined on the basis of the following:
>
> (1) all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense;
>
> (2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction;
>
> (3) all harm that resulted from the acts or omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts or omissions; and
>
> (4) any other information specified in the applicable guideline.

U.S.S.G. § 1B1.3(a).[1] In this circuit, under these rules, it is well established that in

---

1. In relevant part, section 3D1.2(d) states:

All counts involving substantially the same harm shall be grouped together into a single Group. A count for which the statute mandates imposition of a consecutive sentence is excluded from such Groups for purposes of §§ 3D1.2–3D1.5. Counts involve substantially the same harm within the meaning of this rule:

. . . . .

(d) Counts are grouped together if the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

. . . . .

U.S.S.G. § 3D1.2(d) (offenses covered by § 2D.1 of the guidelines are specifically included under subsection (d)). For a general explanation of the interplay between sections 1B1.3(a) and 3D1.2(d), see *United States v. Blanco*, 888 F.2d 907, 909–11 (1st Cir.1989). *See also United States v. White*, 888 F.2d 490, 497 (7th

determining the base offense level, the sentencing court may consider quantities of drugs not specified in the count of conviction. *See, e.g., Sarasti*, 869 F.2d at 806 ("The guidelines make plain that the district court is not bound by the quantity of drugs mentioned by the indictment."); *United States v. Taplette*, 872 F.2d 101, 106 (5th Cir.), *cert. denied*, ⸺ U.S. ⸺, 110 S.Ct. 128, 107 L.Ed.2d 88 (1989) ("The January 15, 1988 revisions ... indeed make clear now that the guidelines allow the consideration of relevant conduct for which the defendant was not convicted in determining the actual guideline range."); *United States v. Juarez–Ortega*, 866 F.2d 747, 748 (5th Cir.1989) (at sentencing, "the court may properly consider past crimes including those for which a defendant has been indicted but not convicted, as well as the factual basis of dismissed counts."); *United States v. Byrd*, 898 F.2d 450, 452 (5th Cir.1990) ("The guidelines make clear that in drug distribution cases quantities of drugs not specified in the count of conviction are to be included in determining the base offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction."). Thus, if we confronted a case in which the defendant had pleaded guilty to one of several substantive drug trafficking counts, there is no doubt that—assuming that the evidence presented satisfied the requisite criteria of reliability [2]—prior case law would require us to uphold an offense level finding based not only on the quantity of drugs specified in the count of conviction but also on other quantities of drugs that were part of the same plan or scheme. ■ The instant case, however, presents a variation on this theme. The sentencing

court included not only the quantities of cocaine directly linked to Ponce in its calculation of his base offense level, but also— as noted *supra*—those quantities of cocaine attributed to transactions involving his alleged co-conspirators. At the sentencing hearing (and earlier), Ponce objected to such calculation. He argued that he was not part of a criminal organization or conspiracy and pointed out that he was only mentioned in two instances in the PSIR. The district court responded as follows:

> *THE COURT:* With regard to Alberto Valdez Ponce, the court adopts the factual statements that are contained in the pre-sentence investigation report to which there are no objections. And as to those controverted factual statements *the court will rule that as to objection number one that the defendant was a member of a criminal organization, and further finds that all the drug quantities indicated in the offense conduct should be included for the purposes for computing the guidelines.*

(emphasis added).

In reaching his conclusion, the district judge fails to indicate on which part of the relevant conduct provisions he relies. His holding, however, appears to comport with the directive of section 1B1.3(a)(2) to consider "all such acts ... that were part of the same course of conduct or common scheme or plan as the offense of conviction...." U.S.S.G. § 1B1.3(a)(2). That is, having ruled that Ponce was part of a criminal organization, the district court apparently concluded that the drug offenses perpetrated by the alleged co-conspirators all fell within the same common plan or scheme as Ponce's sale of cocaine.[3] We

Cir.1989) ("Putting § 1B1.3(a)(2) together with § 3D1.2(d) produces the conclusion that when the Guidelines provide tables that cumulate the amount sold or stolen, any acts that "were part of the same course of conduct or common scheme or plan as the offense of conviction" should be included in the computation of the amount on which the offense level depends, whether or not the defendant was convicted of selling or stealing these additional amounts.").

**2.** *Cf. United States v. Rodriguez*, 897 F.2d 1324, 1326 (5th Cir.1990) ("While any information

with 'sufficient indicia of reliability to support its probable accuracy' may be considered in making the sentencing factfindings, *see* commentary to Guidelines § 6A1.3, there must be an acceptable evidential basis for the court's factfinding at the sentencing hearing.").

**3.** The application notes accompanying § 3D1.2 also offer some support for the grouping determination apparently made by the district court. For example, application note 9 states:

> A defendant may be convicted of conspiring to commit several substantive offenses and

find no inherent problem with such an application of the Guidelines. *Cf. United States v. White*, 888 F.2d 490, 500 (7th Cir.1989) (though court declined to affirm sentence following guilty plea to one count involving the sale of an ounce of cocaine where sentence imposed took into account dismissed counts for a plan to sell cocaine and an earlier conspiracy to transport cocaine, it qualified its holding by noting that the alleged conspiracy was not "[u]nder the indictment's own terms" part of " 'the same course of conduct or common scheme or plan as the offense' " to which the defendant pleaded and that the district court failed to make the finding that the other two counts were related).[4]

■ Finding no per se problem with the application of section 1B1.3(a)(2) to the case at hand, we must continue and consider the substantive content of the district court's findings. In contrast to *White* and *Rivera*, *supra*, the district court in the instant case made an explicit (though brief) finding that Ponce was a member of a criminal organization and, therefore, that all quantities of cocaine related to the organization's activities should be reflected in the sentence received by him. Implicit in this finding is the holding that Ponce's own sale of cocaine constituted one action by such criminal organization. *Cf. United States v. Rodriguez*, 897 F.2d 1324, 1328 (5th Cir. 1990) ("[T]he defendant has the burden of showing that the information upon which the district court relied in sentencing was materially untrue."). Support for the district court's findings can be found in several places. For one, Ponce was actually indicted for conspiracy to distribute cocaine. *Cf. Byrd*, 898 F.2d at 453 ("An indictment is a conclusive finding that there is probable cause to believe that the allegations in the indictment took place."), *but see Rivera*, 898 F.2d at 445–46 (absent factual finding by lower court that defendant was part of a joint scheme, aware of co-defendants' scheme, or should have been

---

also of committing one or more of the substantive offenses. In such cases, treat the conspiracy count as if it were several counts, each charging conspiracy to commit one of the substantive offenses. *See* § 1B1.2(d) and accompanying commentary. Then apply the ordinary grouping rules to determine the combined offense level based upon the substantive counts of which the defendant is convicted and the various acts cited by the conspiracy count that would constitute behavior of a substantive nature. Example: The defendant is convicted of two counts: conspiring to commit offenses A, B, and C, and committing offense A. Treat this as if the defendant was convicted of (1) committing offense A; (2) conspiracy to commit offense A; (3) conspiracy to commit offense B; and (4) conspiracy to commit offense C. Count (1) and count (2) are grouped together under § 3D1.2(b). Group the remaining counts, including the various acts cited by the conspiracy count that would constitute behavior of a substantive nature, according to the rules in this section. U.S.S.G. § 3D1.2, Application note 9. Although the note makes reference to counts for which a defendant has been "convicted," the illustration provided supports the grouping of the conspiracy to distribute cocaine charges with the distribution offense in the instant case for the purposes of sentencing. *Cf.* U.S.S.G. § 1B1.3, Application note 2 (as the guidelines presently stand, § 1B1.3(a)(2) "applies to offenses of types for which convictions on multiple counts would be grouped together pursuant to § 3D1.2(d); multiple convictions are not required.").

**4.** This circuit recently decided *United States v. Rivera*, a case that offers some guidance in this area. 898 F.2d 442 (5th Cir.1990). In *Rivera*, a defendant pleaded guilty to one count for distribution of heroin. However, the district court sentenced the defendant based upon not only the quantity of heroin involved in the conviction offense, but also based upon the quantities of heroin involved in several other charges—including one for conspiracy to distribute heroin—for which the defendant was indicted, but not convicted. *Id.* at 444–45. On appeal, we refused to uphold the broadly based sentence stating: "In the absence of a finding that Rivera knew or should have known of the distribution of heroin by his co-defendants, or in the absence of a joint undertaking or plan, the quantities of heroin distributed by persons other than [defendant] should not have been included in the calculation of his base offense level." *Id.* at 446. Although the *Rivera* court did not discuss the controlling provisions of the Guidelines in relation to its conclusions on the conduct relevant for purposes of sentencing, it appears to have balked not at the idea of considering conspiracy charges along with distribution charges as part of a particular plan or scheme per se. Rather the court was disturbed by the lack of factual findings linking these and supporting a holding that that defendant was part of a conspiracy. We confront different circumstances in the instant case where the district court made sparse but adequate factual findings (see *infra* ) to support its decision. Thus, while *Rivera* offers us insight, we are not compelled to reach the same result.

aware of such scheme to distribute heroin, appellate court refused to rely simply on indictment and affirm sentence, the calculation of which included quantities of heroin sold by co-defendants). Additionally, both sales of cocaine by Ponce that are documented in the PSIR (and admitted to by Ponce) took place in a restaurant allegedly owned by one of co-conspirators and, according to the PSIR, run as a front for the organization's criminal activities. Moreover, there is no dispute that one of the sales took place with the aid of another of the alleged co-conspirators.

It is well settled that " '[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). We cannot say that this standard has been met in the instant case: While we would have welcomed more detailed findings by the district court to aid us in our review, we do not find that the brief finding in the instant case was clearly erroneous. *Cf. Rodriguez*, 897 F.2d at 1327 ("We have held that although specific findings by the district court would be helpful for appellate review, the district court is not required under section 3B1.1 [Aggravating Role] to make any finding of fact more specific than the defendant was a 'leader' or 'organizer.' "). Thus, we find no error in the district court's determination to sentence Ponce, in accordance with the relevant conduct provisions of the Guidelines, based upon 231.3 grams of cocaine rather than the 25 grams or less that Ponce claims is appropriate.

## IV.

For the foregoing reasons, we affirm the sentence imposed by the district court.

AFFIRMED.