UNITED STATES of America, Plaintiff-Appellee,

v.

Alberto Valdez PONCE, Defendant-Appellant.

No. 89–5628
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 6, 1990.

Manuel G. Escobar, Jr., San Antonio, Tex. (Court-appointed), for defendant-appellant.

LeRoy Morgan Jahn, Glenn W. MacTaggart, Asst. U.S. Attys., Helen M. Eversberg, San Antonio, Tex., for plaintiff-appellee.

## ON PETITION FOR REHEARING

Before KING, GARWOOD and DUHÉ, Circuit Judges.

PER CURIAM:

In *United States of America v. Alberto Valdez Ponce*, 917 F.2d 841 (5th Cir.1990), the Appellant, Alberto Valdez Ponce (Ponce), argued that the district court erred when it included transactions involving alleged co-conspirators in determining his sentence. We affirmed. On Petition for Rehearing, Ponce asserts that we reached an inconsistent judgment in the case of one of his alleged co-conspirators, Virgilio Mir (Mir). *See United States of America v. Mir*, 903 F.2d 825 (5th Cir.1990). Because we find our decision in *Mir* factually distinguishable, we deny Ponce's Petition for Rehearing.

### I. Background.

A grand jury returned an eight-count indictment against Ponce and others, including Mir and Julia Castro Hammond.

The indictment charged Ponce with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one), and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (count five). Ponce entered an agreement to plead guilty to count five of the indictment. In exchange, the government agreed not to oppose a finding that Ponce had demonstrated an acceptance of personal responsibility for his conduct and to move to dismiss count one of the indictment.

In Ponce's pre-sentence report (PSR), the probation officer calculated Ponce's base offense level for purposes of the United States Sentencing Guidelines (Guidelines) by including not only the amount of cocaine in the offense to which Ponce pleaded guilty but also the cocaine involved in transactions involving Ponce's alleged co-conspirators. In the PSR, the probation officer determined that Ponce's proper base offense level was 20. The proper level would have been 12 had the probation officer considered only the amount of cocaine involved in the offense to which Ponce pleaded guilty.

Ponce objected to the PSR, asserting that "he was not a member of any conspiracy or criminal organization" and that the PSR failed to connect him to the alleged criminal activity of his co-defendants. At his sentencing hearing, the district court made the following findings:

With regard to Alberto Valdez Ponce, the court adopts the factual statements that are contained in the pre-sentence investigation report to which there are no objections. And as to those controverted factual statements the court will rule that as to objection number one that the defendant was a member of a criminal organization, and further finds that all the drug quantities indicated in the offense conduct should be included for the purposes for computing the Guidelines.

The court also declined to grant a two-level downward departure from the Guidelines based on the defendant's acceptance of responsibility. The court sentenced Ponce to a forty-one month term of imprisonment

and a five-year term of supervised release. Ponce appealed this sentence and we affirmed. He now petitions for rehearing and requests that we reconsider our affirmance of the district court's sentence.

## II. Discussion.

■ Our case law in this circuit allows the sentencing court to consider offenses "for which a defendant has been indicted but not convicted, as well as the factual basis of dismissed counts" in determining the defendant's base sentencing level under the Guidelines. *United States v. Juarez–Ortega,* 866 F.2d 747, 748 (5th Cir.1989); *United States v. Byrd,* 898 F.2d 450, 452 (5th Cir.1990) ("The guidelines make clear that in drug distribution cases quantities of drugs not specified in the count of conviction are to be included in determining the base offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction."). The instant case is distinguishable, however, because the sentencing court considered not only transactions in which Ponce personally participated in calculating the base offense level but also transactions involving alleged co-conspirators.

Application note 1 to § 1B1.3 of the version of the Guidelines in effect at the time Ponce committed his offense stated:

> If the conviction is for conspiracy, it includes conduct in furtherance of the conspiracy that was known to or was reasonably foreseeable by the defendant.

Effective November 1, 1989, Congress amended application note 1 for the purpose of "clarify[ing] the definition of conduct for which the defendant is 'otherwise accountable.'" Application note 1 currently provides:

> In the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant "would be otherwise accountable" also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant. Because a count may be broadly worded and include the conduct

of many participants over a substantial period of time, the scope of the jointly-undertaken criminal activity, and hence relevant conduct, is not necessarily the same for every participant. Where it is established that the conduct was neither within the scope of the defendant's agreement, nor was reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake, such conduct is not included in establishing the defendant's offense level under this guideline.

■ The sentencing court may base its sentence upon undisputed factual findings in the defendant's PSR. *See United States v. Rodriguez,* 897 F.2d 1324, 1327 (5th Cir. 1990) (Sentencing court may adopt findings in PSR without more specific inquiry or explanation if defendant does not present rebuttal evidence and facts have adequate evidentiary basis). If the defendant fails to object to a PSR's finding of conspiracy, therefore, or to the inclusion of specific acts by alleged co-conspirators, the district court may rely upon such finding in determining the proper sentencing level. If the defendant objects to the PSR's findings with specificity and clarity, however, the district court must resolve the "specifically disputed issues of fact if it intends to use those facts as the basis for its sentence." *Id.* at 1327.

■ In Ponce's PSR, the probation officer indicated that Ponce was a member of a criminal conspiracy to distribute cocaine and that "[i]t was part of the course of conduct for the conspiracy to distribute small amounts of cocaine through several specific 'fronts'...." The drug transactions conducted by Ponce's co-conspirators, as described in the PSR, are the sort one would expect as part of a conspiracy to sell small quantities of drugs, and the PSR established a connection between Ponce and his alleged co-conspirators. The two cocaine transactions admitted to by Ponce took place in a restaurant owned by one of the co-conspirators, and according to the PSR, run as a front for the organization's criminal activities. One of these two cocaine sales also took place with the aid of

another alleged co-conspirator. Ponce did not object that the activities of his co-conspirators, as described in the PSR, were not within the scope of the conspiracy or were not reasonably foreseeable. Nor did Ponce present rebuttal evidence to indicate that such conduct was beyond the scope of his agreement or was unforeseeable.

Ponce objected with specificity and clarity, however, to the PSR's finding that he was a part of the alleged criminal organization. In his written objection number "I" to the PSR, Ponce stated that "[t]he Defendant indicates that he was not a member of any conspiracy or criminal organization." Our case law required the district court to resolve this specifically disputed issue of fact before it could rely on the PSR's finding that Ponce was a member of a conspiracy to sell cocaine.

In reply to Ponce's objection, the district court stated that "the court will rule that as to objection number one that the defendant was a member of a criminal organization, and further finds that all the drug quantities indicated in the offense conduct should be included." Ponce made no request for further findings. Because Ponce objected only that he was not a member of the alleged criminal organization, and because the district court's resolution of this disputed issue of fact was directly responsive to Ponce's specific objection, the district court properly relied upon this fact in making its sentencing determination.

In *United States v. Rivera*, 898 F.2d 442, 446 (5th Cir.1990), the government prepared a factual resume to which the defendant, Rivera, objected except as they pertained to two small drug transactions in which he personally participated. At the sentencing hearing, Rivera once again objected to the inclusion of drug quantities by his alleged co-conspirators. In response, the district court adopted the factual findings in the PSR, findings based on the disputed factual resume. We vacated and remanded Rivera's sentence because:

> Rivera refused to stipulate to any facts regarding the distribution of heroin by his co-defendants, and denied any knowledge of such distribution by his co-defendants. The record before us contains no factual finding that Rivera was part of a jointly undertaken scheme to distribute heroin with any of his co-defendants other than Perez. The district court did not find that Rivera was aware of his co-defendants' participation in the heroin distribution scheme, or that he should have reasonably foreseen the distribution of heroin by his co-defendants. In the absence of a finding that Rivera knew or should have known of the distribution of heroin by his co-defendants, or in the absence of a joint undertaking or plan, the quantities of heroin distributed by persons other than Rivera should not have been included in the calculation of his base offense level.

*Rivera,* 898 F.2d 442, 445–46 (5th Cir.1990).

Unlike the district court in *Ponce,* the *Rivera* court did not resolve the specifically disputed issues of fact. The *Rivera* court merely adopted the PSR's findings, although Rivera specifically objected to the factual basis of those findings. Because the district court had not resolved, and therefore could not use, the specifically disputed issues of fact in the PSR, the district court had no basis upon which to conclude that Rivera "was part of a jointly undertaken scheme to distribute heroin with any of his co-defendants other than Perez." *Id.* We therefore properly remanded for "the district court to reconsider its sentence and to state its findings in this respect." *Id.*

In *United States v. Mir,* a case involving one of Ponce's alleged co-conspirators, the district court also failed to resolve the specifically disputed issue of fact raised by the defendant. We therefore relied upon *Rivera* and remanded for the district court to reconsider its sentence. *See United States v. Mir,* 903 F.2d 825 (5th Cir.1990). Mir's probation officer prepared a PSR that included the same conduct by Mir's co-conspirators that the probation officer included in Ponce's PSR. Mir objected to the PSR because it did not "mention the name 'Virgilio Mir' as being directly involved in the conspiracy." In fact, as Mir pointed out, the PSR connected him to only one small sale of cocaine. Mir's specific objection, therefore, required the district court to resolve whether Mir was directly implicated in the alleged conspiracy to sell

**850**

drugs before the district court could rely upon this fact in determining his sentence. Just as in *Rivera*, and unlike *Ponce*, the court in *Mir* merely adopted "[t]he factual statements that are contained in the presentence investigation and adopts the position of the probation office with regard to the drug quantities indicated in the offense conduct...." Because the district court failed to resolve the specifically disputed question of fact, it could not rely on the PSR's finding that Mir was involved in the conspiracy, and we remanded for the district court to reconsider its sentence.

Unlike the courts in *Mir* and *Rivera*, the district court in *Ponce* resolved the specific issue of fact upon which it based its sentence.[1] Had Ponce objected that the activities of his alleged co-conspirators were not foreseeable as a part of the conspiracy, or had submitted rebuttal evidence on this matter, the district court could not have included such conduct without first resolving the disputed issue of fact. Ponce objected, however, only on the grounds that he was not a member of the criminal organization or conspiracy, and the district court specifically resolved that specific question of fact.

### III. Conclusion.

Because the district court's findings in *Ponce*, unlike those in *Rivera* and *Mir*, resolved the specific issues of fact raised by Ponce's specific objections, the district court properly relied upon those facts in determining Ponce's sentence. We therefore conclude that Ponce's Petition for Rehearing should be denied.

DENIED.

---

1. In another case involving one of Ponce's alleged co-conspirators, Julia Castro Hammond (Hammond), we affirmed the defendant's sentence although the district court also included quantities of drugs attributed to transactions perpetrated by her alleged co-conspirators. *United States v. Hammond,* 912 F.2d 1466 (5th Cir.1990). In response to Hammond's objection to the PSR, the district court found "that there is sufficient evidence to associate the defendant with the individuals named in the related cases." We concluded that this finding sufficed to support the district court's sentence because, as in *Ponce,* "the district court made an explicit factual finding that there was adequate evidence of Hammond's association with her alleged co-conspirators to support the inclusion of quantities of drugs associated with their transactions when setting her base offense level."