**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 14, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41241
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID PENA; THOMAS TAYLOR,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. V-02-CR-11-1
--------------------

Before EMILIO M. GARZA, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Pena and Thomas Taylor appeal from their convictions for
conspiring to possess 503 grams of pseudoephedrine with the intent
to manufacture methamphetamine. Pena argues that the district
court erred in 1) denying his motion for mistrial based on witness
Clara Bradley's statement that her testimony would result in
"putting [Pena] away again," 2) allowing witness Rhonda Strain to
testify regarding Pena's association/relationship with Taylor, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

3) adopting the presentence report ("PSR")'s drug-quantity findings. As his sole ground of error, Taylor argues that the district court erred in admitting Strain's testimony regarding Taylor's subsequent bad acts of soliciting her help to purchase methamphetamine ingredients and giving her methamphetamine in exchange for her cleaning of his apartment.

Because Pena failed to timely object to the admission of the evidence upon which his motion for mistrial is based, we review this issue only for plain error. See FED. R. CRIM. P. 52(b); United States v. Caucci, 635 F.2d 441, 448 (5th Cir. 1981). Under the plain-error standard of review, we may address Pena's argument only if (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. See United States v. Olano, 507 U.S. 725, 732-35 (1993). Because Pena has not shown that Bradley's reference to his previous incarceration had a substantial impact upon the jury's verdict or otherwise affected Pena's substantial rights, he has not demonstrated plain error. Id.; United States v. Paul, 142 F.3d 836, 844 (5th Cir. 1998); United States v. Millsaps, 157 F.3d 989, 993 (5th Cir. 1998).

Strain's testimony regarding Pena's association/relationship with Taylor was relevant to the conspiracy charge. See United States v. Cardenas, 9 F.3d 1139, 1157 (5th Cir. 1993)("[A]ssociation is a factor that, along with other evidence, may be relied upon to find conspiratorial activity by the defendant."). Pena has failed to demonstrate that this testimony was unfairly prejudicial.

Therefore, we conclude that the district court did not abuse its discretion by admitting Strain's association/relationship testimony. See United States v. Hays, 872 F.2d 582, 587 (5th Cir. 1989); United States v. Pace, 10 F.3d 1106, 1115-16 (5th Cir. 1993).  We also conclude that the district court did not abuse its discretion by admitting Strain's testimony regarding Taylor's subsequent bad acts; Taylor placed his intent at issue by pleading not guilty, see United States v. Chavez, 119 F.3d 342, 346 (5th Cir. 1997), and the challenged evidence was highly probative of his knowledge and intent to commit the charged offense.  The fact that Taylor's bad acts occurred subsequent to the events that are the subject of the charged offense does not mean that evidence of those bad acts must be excluded under Rule 404(b).  See United States v. Peterson, 244 F.3d 385, 392 (5th Cir.)("Our prior decisions clearly allow for evidence of "bad acts" subsequent to the subject matter of the trial for the purpose of demonstrating intent.").

Finally, based on the evidence adduced at trial and offered in response to Pena's drug-quantity objection, the district court's drug-quantity finding was plausible.  Accordingly, the district court did not clearly err in its drug-quantity calculation with respect to Pena.  See United States v. Shipley, 963 F.2d 56, 58 (5th Cir. 1992); United States v. Ponce, 917 F.2d 841, 842 (5th Cir. 1990).

AFFIRMED.