United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-21074
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TULIO MARIA SOTO GIL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-256-2
--------------------

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Tulio Maria Soto Gil appeals the sentence that he received
after he pleaded guilty to possessing and importing more than 100
grams of heroin with intent to distribute.  Soto Gil argues that
the district court erred when it concluded that the heroin
possessed by his codefendant was reasonably foreseeable to him
and consequently attributed his codefendant's quantity of heroin
to him for sentencing purposes.

A district court's determination of the quantity of drugs is
a factual finding that is reviewed for clear error.  <u>United</u>

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Villanueva, 408 F.3d 193, 202-03 & n.9 (5th Cir. 2005); United States v. Ponce, 917 F.2d 841, 842 (5th Cir. 1991). This court will uphold a district court's factual finding if it is plausible in light of the record as a whole. Villanueva, 408 F.3d at 203. In determining drug quantities for sentencing purposes, the district court may rely on any relevant evidence which has "sufficient indicia of reliability." United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998). The presentence report (PSR) generally bears sufficient indicia of reliability, and the district court may adopt the facts contained within the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant has not presented any evidence to refute the facts to which he objects. United States v. Alford, 142 F.3d 825, 831-32 (5th Cir. 1998).

The district court's finding that the heroin possessed by his codefendant was reasonably foreseeable to Soto Gil is not clearly erroneous as it is plausible in light of the record as a whole. See U.S.S.G. § 1B1.3(a)(1)(B). The district court adopted the PSR, which provided evidence that Soto Gil and his codefendant participated in jointly undertaken criminal activity. Soto Gil did not contest the veracity of this information and did not provide any evidence to refute the facts in the PSR. See United States v. Caldwell, 448 F.3d 287, 291 (5th Cir. 2006)

AFFIRMED.