# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2007

Charles R. Fulbruge III
Clerk

No. 07-30341
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMES T HILL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50013-1

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James T. Hill appeals his sentence following his guilty plea conviction of one count of healthcare fraud in violation of 18 U.S.C. §§ 2, 1347, and one count of distributing or dispensing or causing to dispense a controlled substance, when said act of dispensing and causing to be dispensed was not in the usual course of professional practice and not for a legitimate medical purpose in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Hill challenges the amount of drugs attributed to him in calculating his sentence. Hill also challenges the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's imposition of a non-Guideline sentence as to the latter count - 200 months of imprisonment - which was 49 months above the advisory guideline range maximum of 151 months as calculated in the presentence report.

We review the sentencing court's factual findings for clear error and its "interpretation and application of the sentencing guidelines de novo." United States v. Ponce, 917 F.2d 841, 842 (5th Cir. 1990). "The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). "As a general rule, information in the pre-sentence report is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002); see United States v. Lopez-Urbina, 434 F.3d 750, 767 (5th Cir. 2005).

Hill argues that the district court erred when it based his offense level and sentence on conduct that was not part of the same course of conduct or common scheme or plan as the offense of conviction. In determining a defendant's base offense level, the district court may consider drug quantities not specified in the count of conviction if they are part of the defendant's relevant conduct. United States v. Burke, 431 F.3d 883, 888 (5th Cir. 2005). Relevant conduct includes acts that were part of a "common scheme or plan" or the "same course of conduct" as the offense of conviction. U.S.S.G. § 1B1.3(a)(2). Hill failed to present any evidence to rebut the information contained in the presentencing report or the evidence adduced at sentencing by Government witnesses regarding the amount of drugs attributable to him. The record reflects that Hill wrote prescriptions for addictive painkillers to patients he had not examined and also billed the patients and their insurance companies. At all times, Hill's victims were his patients and Hill acted with a common purpose - to dispense

controlled substances in a manner not consistent with a legitimate medical purpose and not within the usual course of a physician's practice. Accordingly, the district court's factual-finding regarding the drug quantity was not clearly erroneous in light of the record as whole. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).

Hill also argues that the district court failed to properly consider the factors in 18 U.S.C. § 3553(a) when it imposed a non-Guideline sentence. Contrary to Hill's assertions, the district court made specific findings regarding the nature and circumstances of the offense as well as the history and characteristics of the defendant when it found that Hill placed his patients at risk when he left the country and permitted non-medically trained staff to fill out pre-signed blank prescriptions and also permitted them to distribute post-dated prescriptions. As the district court found, in light of the degree of the abuse of his position of trust and his medical license, the court also considered the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. The district court found that Hill's behavior was more than just abusing his position of trust as a doctor, he was a "drug dealer with a medical license." The court also considered the need for adequate deterrence and warned other doctors of the dangers of practicing medicine in the manner the defendant practiced. The court considered the need to protect the public from further crimes of the defendant in light of the harm that Hill had caused the community and the profession of medicine. The court deviated because it felt that the facts of case fell outside the heartland of cases. See United States v. Sanchez-Ramirez, 497 F.3d 531, 535-36 (5th Cir. 2007). Hill has not shown that the district court misapplied the Guidelines, failed to consider the § 3553(a) factors, failed to give reasons for the sentence, or considered improper factors in imposing the sentence. Therefore, he has not shown that the sentence imposed was unreasonable. See id at 536.

AFFIRMED.