# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-51334
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARICELA HERNANDEZ; GABRIEL LIMON

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-901-3
USDC No. 2:06-CR-901-5

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Maricela Hernandez and Gabriel Limon appeal the sentences imposed following their jury conviction of conspiring, with each other and others, to possess with intent to distribute 100 kilograms or more of a mixture or substance containing marijuana.

Maricela Hernandez

First, Hernandez argues that the district court committed mathematical error by adding the 81.6 kilograms of marijuana set forth in Presentence Report

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(PSR) paragraph 41 to the quantity of 966.31 kilograms. She asserts that the 81.6 kilograms of marijuana was incorporated into the quantity of 966.31 kilograms of marijuana put forth by the Government.

Hernandez is correct that there was mathematical error in the drug quantity determination. More specifically, the district court's ruling excluded from the drug quantity calculation the quantities set forth in PSR paragraphs 26, 27, 42, and 43. With this revision, the district court ruled that the drug quantity was 1047.91 kilograms. However, excluding the drug quantities set forth in PSR paragraphs 26, 27, 42, and 43, but including the drug quantity set forth in PSR paragraph 41, results in a drug quantity of 966.39 kilograms, not 1047.91 kilograms. When 81.6 kilograms is added to the total of 966.31 kilograms, the drug quantity becomes 1047.91. Thus, as Hernandez argues, the district court's drug quantity calculation double counts the quantity set forth in PSR paragraph 41.

Hernandez did not raise this issue at sentencing, and the Government argues that Hernandez has waived the issue. The sentencing hearing transcript suggests that counsel for both the Government and Hernandez simply did not check the arithmetic in the numbers they were presenting to the district court. The transcript does not reflect an affirmative waiver or relinquishment of this issue. Therefore, Hernandez did not waive this issue. See United States v. Olano, 507 U.S. 725, 733 (1993); United States v. Arviso-Mata, 442 F.3d 382, 384 (5th Cir. 2006).

However, Hernandez forfeited the issue and plain error review governs. See Arviso-Mata, 442 F.3d at 384. The mathematical error set forth above is clear or obvious and therefore the error is plain. Id. Moreover, the error affects Hernandez's substantial rights. A drug quantity of 966.31 kilograms would have resulted in a base offense level of 30. See U.S.S.G. § 2D1.1(c)(5) (2006). A base offense level of 30 combined with a criminal history score of I results in a Guidelines sentencing range of 97 to 121 months of imprisonment, which is

below the Guidelines sentencing range of 121-151 months that the district court determined was the appropriate range. Hernandez's sentence of 132 months of imprisonment exceeds the properly calculated guidelines range of 97 to 121 months of imprisonment. Also, because the properly calculated drug quantity is below 1000 kilograms, the district court's determination that Hernandez was subject to a statutory minimum sentence of 10 years of imprisonment is also erroneous. See 21 U.S.C. § 841(b)(1)(A)(vii).

Thus, Hernandez's substantial rights were affected, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. See United States v. Villegas, 404 F.3d 355, 364-65 (5th Cir. 2005). While the Government correctly argues that the district court stated that it was convinced that an estimate of 1000 kilograms of marijuana was conservative, the district court did not indicate, as the district court did in United States v. Bonilla, 524 F.3d 647, 656 (5th Cir. 2008), petition for cert. filed (Oct. 3, 2008) (No. 08-6668), that it would have imposed the same sentence as an alternative sentence. Therefore, this error requires reversal. See id.

Second, Hernandez argues that the drug quantity determination was erroneous because the district court erred by including the quantities set forth in PSR paragraphs 34 through 36, and PSR paragraph 39, in the drug quantity determination. She argues that these paragraphs are devoid of any reference to her or to persons with whom she had been recruited to smuggle. She also argues that the district court was required to make particularized findings regarding the conspiracy, including the scope of the jointly undertaken criminal activity and foreseeability.

Hernandez did not present to the district court the argument that she makes to this court regarding PSR paragraphs 34-36 and PSR paragraph 39. As Hernandez agreed to the drug quantity of 966.31 kilograms, which included the paragraphs she now challenges, Hernandez arguably waived this argument. See Olano, 507 U.S. at 733; Arviso-Mata, 442 F.3d at 384. Even if not waived but

merely forfeited, Hernandez has not established plain error. As a question of fact that was capable of resolution by the district court upon proper objection, this issue cannot constitute plain error. See United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995). Also, by failing to submit evidence to refute the facts in the PSR, Hernandez failed to meet her burden of showing that the information in the PSR was materially untrue, United States v. Washington, 480 F.3d 309, 320 (5th Cir. 2007), and the district court was entitled to rely on the PSR. See Vital, 68 F.3d at 120. The district court's adoption of the PSR includes details establishing that Hernandez participated in the Manuel Limon-Campos drug trafficking organization by transporting narcotics to distributors. Also, the district court's adoption of the PSR includes unrefuted details regarding the conspiracy and drug quantities that were attributed to Heranandez's acts and various acts of co-conspirators. Thus, there was no error, plain or otherwise, in the district court's decision to include PSR paragraphs 34-36 and PSR paragraph 39 in the drug quantity determination. See § 2D1.1 cmt. n.12; § 1B1.3(a)(1)(B) & cmt. n.9; United States v. Bryant, 991 F.2d 171, 177 (5th Cir. 1993).

Additionally, Hernandez's argument that the district court plainly erred by failing to make particularized findings regarding the scope of the jointly undertaken criminal activity and foreseeability is also without merit. Where, as in the instant case, a defendant fails to object to a PSR's finding of conspiracy or to the inclusion of specific acts by alleged co-conspirators, the district court may rely on the PSR to determine the proper sentencing level. See United States v. Ponce, 917 F.2d 846, 848 (5th Cir. 1990).

Third, Hernandez argues that her sentence is unreasonable based upon the procedural errors that she raised in issues one and two. She also argues that her sentence is unreasonable because it is far greater than the sentence received by the coconspirator who recruited her. Due to this court's determination that the district court committed a mathematical error and plainly erred when

calculating drug quantity, this court is expressing no opinion regarding the ultimate reasonableness of Hernandez's sentence. See *Bonilla*, 524 F.3d at 656.

The district court's judgment regarding Hernandez is therefore affirmed in part, reversed in part, and the matter is remanded for resentencing.

Gabriel Limon

Limon argues that the district court erred in calculating the drug quantity. He argues that "15+" loads of marijuana by other individuals cannot be considered relevant conduct because of the complete lack of evidence to connect him to the loads. Limon also argues that he was removed from the Limon-Campos organization after he transported the last load with co-conspirator Erika Montalvo because, according to Montalvo's trial testimony, Limon-Campos accused him of stealing from the drug organization.

As Limon preserved his objection to drug quantity by raising it below, the district court's interpretation or application of the Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. See *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." Id.

Limon's argument does not provide a comprehensive attack on the significant volume of details set forth in the PSR, and adopted by the district court, regarding the drug trafficking activities of the Limon-Campos organization. The premise of Limon's argument, that he should not be held accountable for drug quantities where there is no direct evidence that he participated in those loads, is erroneous. As the district court determined, where there is a jointly undertaken conspiracy, the Guidelines authorize holding a defendant responsible for all reasonably foreseeable quantities of drugs that were within the scope of the criminal activity that Limon jointly undertook. See § 2D1.1 cmt. n.12; § 1B1.3(a)(1)(B) & cmt. n.9; *United States v. Solis*, 299 F.3d 420, 462 (5th Cir. 2002). Moreover, Limon does not challenge the district court's conclusion that Limon, a manager or supervisor in the criminal activity,

recruited others, hired couriers and paid for their services, and accompanied others in drug smuggling ventures. Also, he does not dispute the determination that law enforcement officials had, prior to Limon's arrest, seized more than 1000 kilograms of marijuana from the Limon-Campos organization. Due to Limon's significant role in the conspiracy, it was reasonably foreseeable to Limon that other individuals were engaging in smuggling ventures on behalf of Limon-Campos. In light of these facts, the district court's drug quantity determination is plausible in light of the record as a whole. See Cisneros-Gutierrez, 517 F.3d at 764.

While Limon relies upon the trial testimony of Manuel Acevedo as a basis for limiting drug quantity, this argument is not persuasive in light of unchallenged facts in the PSR that indicate that Acevedo provided one of two primary locations in Texas that was used by the Limon-Campos organization. Various drug quantities that were attributed to Limon were not connected to Acevedo, but were nonetheless attributed to the Limon-Campos organization. Additionally, Montalvo's trial testimony does not support Limon's argument that his drug quantity should be reduced, but rather indicates that Limon's PSR may have underestimated the drug quantities attributed to Montalvo's activities. Finally, Montalvo's trial testimony indicating that Limon was out of the conspiracy is not sufficient to establish that Limon withdrew from the conspiracy. See United States v. Torres, 114 F.3d 520, 525 (5th Cir. 1997). Thus, the district court did not clearly err in determining that Limon was responsible for more than 1,000 kilograms of marijuana. Cisneros-Gutierrez, 517 F.3d at 764.

Finally, Limon's argument that the district court erred by failing to make findings relating to reasonably foreseeable acts and jointly undertaken criminal activity is not persuasive. Limon did not make this argument in the district court and therefore plain error review governs. See Arviso-Mata, 442 F.3d at 384. The district court's statements and the PSR's findings clearly indicate the

basis of the district court's decision. The district court's adoption of the PSR constitutes sufficient findings regarding the scope of the conspiracy and the foreseeability of the acts of Limon's co-conspirators. See United States v. Carreon, 11 F.3d 1225, 1231 (5th Cir. 1994). There is no error, plain or otherwise, regarding this issue.

The district court's judgment regarding Limon is therefore affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED