# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-50322
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARICELA HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-901-3

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

This court previously remanded this case for resentencing due to a mathematical error in the district court's drug quantity determination. *See United States v. Hernandez*, 299 F. App'x 413, 414-416 (5th Cir. 2008). On remand, the district court corrected the mathematical error and resentenced the appellant, Maricela Hernandez, to 110 months of imprisonment on her jury conviction of conspiracy to possess with intent to distribute more than 100

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kilograms of marijuana. Hernandez now appeals from the district court's judgment upon remand, arguing that the district court erred by assessing an extra 477 kilograms of marijuana because there is no evidence to connect her to the activity described in Presentence Report (PSR) paragraphs 34-36 and paragraph 39. She further argues that because she is being held accountable for conduct by others in a jointly undertaken criminal activity, the district court erred by failing to make particularized findings regarding the elements of foreseeability and the scope of the agreement.

Hernandez is requesting that this court reexamine issues that were previously addressed and rejected by this court in its remanding opinion. *See Hernandez*, 299 F. App'x at 415-16. Hernandez's arguments are therefore barred by the law of the case doctrine. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). Moreover, the mandate rule forecloses relitigation of Hernandez's arguments. *See United States v. Lee*, 358 F.3d 315, 320-21 (5th Cir. 2004). Exceptions to the law of the case doctrine and the mandate rule are not applicable in this case. *See id*. at 320 n.3; *Matthews*, 312 F.3d at 657.

AFFIRMED.