**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rodney BYRD, Defendant–Appellant.**

No. 89–5601
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 4, 1990.

C. David Evans, San Antonio, Tex., for defendant-appellant.

LeRoy M. Jahn, Asst. U.S. Atty., Mark J. Barrett, and Helen M. Eversberg, U.S. Attys., San Antonio, Tex., for defendant-appellee.

Before WILLIAMS, SMITH and DUHÉ, Circuit Judges.

PER CURIAM:

This appeal of a sentence imposed pursuant to the Sentencing Guidelines requires us to answer three questions:

1. May the sentencing court consider as "relevant conduct" conduct charged in dismissed counts of the indictment which the defendant denies committing?

2. Does use of such conduct to calculate the base offense level absent a conviction thereof violate due process?

3. If relevant, was the district court's inclusion of such conduct based upon "reliable evidence"?

We answer each question adverse to appellant and affirm.

Appellant was charged with others in three counts of a four count indictment. Count I charged that he conspired to distribute cocaine base. Count II charged that on August 5, 1988 he distributed cocaine base. Count III charged that on August 30, 1988 he distributed cocaine base. The factual basis which appellant admitted charged (Count II) that on August 5, 1988 he sold 26.9 grams of cocaine base to an undercover agent to whom he was introduced by a co-defendant. The co-defendant was paid a commission by the undercover agent for making the introduction. The presentence investigation report showed that on August 30, 1988 (Count III) the appellant sold to the same agent 21.3

grams of cocaine base and the same co-defendant was present and was paid a commission by the agent. The presentence report allegations concerning the August 30th transaction were supported by the statement of the agent and drug test reports which the government introduced at the sentencing hearing. The presentence report included the August 30th transaction as relevant conduct and based the base offense level on the sum of drugs sold in both transactions. Appellant objected to the report and at the sentencing hearing was given an opportunity to challenge it. He simply denied the August 30th transaction but offered no other evidence and did not call any witnesses on the issue. The district court adopted the facts set forth in the presentence investigation report and imposed sentence based upon the total weight of drugs in both transactions.

■ Appellant first argues that the August 30, 1988 narcotics transaction was not "relevant conduct".[1] In this Circuit the sentence will be upheld so long as it results from a correct application of the guidelines to factual findings which are not clearly erroneous. *United States v. Sarasti*, 869 F.2d 805, 806 (5th Cir.1989). The same standard applies to the determination of whether certain drugs are relevant. *United States v. Strong*, 891 F.2d 82 (5th Cir. 1989). The guidelines make clear that in drug distribution cases quantities of drugs not specified in the count of conviction are to be included in determining the base offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction. U.S.S.G. § 1B1.3, Commentary, 1.19 (January 15, 1988). This Court has made clear that the guidelines allow consideration of relevant conduct of which the defendant has not been convicted. *United States v. Taplette*, 872 F.2d 101, 106 (5th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 128, 107 L.Ed.2d 88 (1989).

■ Appellant seeks to distinguish *Taplette* on the basis that it was undisputed that defendant committed the distribution offenses in addition to the offense of conviction. However, the reasoning of *Taplette* is not dependent upon whether the relevant conduct is disputed or undisputed but rather upon whether the allegedly relevant transaction is part of the same course of conduct, or a common scheme or plan as the offense of conviction. *Id.* at 106.

In *Taplette* the court noted that the counts to which the defendant did not plead were relevant conduct since the sales occurred within a three week period and were all made to the same government informant. In the case at bar the same is true. Additionally, the drug was the same and the same co-defendant was involved.

Secondly, appellant contends that inclusion as relevant conduct of the offense which he denies committing constitutes punishment for an unconvicted extraneous act.[2] Appellant misperceives the issue. The sentencing court did not rely on these facts to punish the defendant for the extraneous offense but to justify harsher penalties for the offense for which he was convicted. This has previously been held appropriate. *United States v. Juarez–Ortega*, 866 F.2d 747 (5th Cir.1989); *United States v. Taplette*, 872 F.2d 101 (5th Cir. 1989), *cert. denied*, — U.S. —, 110 S.Ct. 128, 107 L.Ed.2d 88.

■ Since appellant is not being convicted of the extraneous offense proof beyond a reasonable doubt of that event is not required. *McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986).

■ Finally appellant contends that the district court erred in finding that the August 30th transaction which appellant denied did in fact occur.[3] Primarily he contends this was error because the decision was based on unreliable hearsay evidence which was not subject to confrontation and

---

1. This contention is a summary of arguments 1 and 3–8 in appellant's brief.

2. This is a summary of appellant's arguments 2 and 10.

3. This is a summary of arguments 9, 11–15 of appellant's brief.

cross-examination. There is no doubt that hearsay is admissible for this purpose. 18 U.S.C. § 3661; U.S.S.G. § 6A1.3(a) and Commentary, p. 6.2; *U.S. v. Cuellar–Flores*, 891 F.2d 92 (5th Cir.1989); *U.S. v. Ammirato*, 670 F.2d 552, 556 (5th Cir. 1982).

Appellant's contention that the hearsay evidence is unreliable is likewise without merit. The information appeared in the indictment. An indictment is a conclusive finding that there is probable cause to believe that the allegations in the indictment took place. Fed.R.Crim.P. 5(c); *Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 865 n. 19, 43 L.Ed.2d 54 (1975). Additionally, the government introduced the D.E.A. reports from its file by the agent actually involved setting forth the transaction in detail. Full disclosure was thereby made to appellant and there was sufficient indicia of reliability to support probable accuracy. *U.S. v. Cuellar–Flores, supra.*

■ Nor were appellant's rights of confrontation and cross-examination denied. The court did not foreclose the opportunity for confrontation and cross-examination but in fact invited it in its colloquy with defense counsel. Defendant offered only a denial. The court's invitation to present whatever the defense wished concerning that issue offered ample opportunity to confront the named author of the report or to request a recess until he could be confronted and questioned. The probation officer who prepared the presentence report was present. The opportunity having been presented the appellant cannot now complain of the deprivation of his rights. *United States v. Ammirato, supra* at 557.

AFFIRMED.