**The UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Eldridge MARSHALL and Evelyn King, Defendants–Appellants.**

**No. 89–8040
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 1990.

Thomas S. Morgan, Midland, Tex. (Court Appointed), for Marshall.

H.W. Leverett, Jr., Midland, Tex., for King.

LeRoy Morgan Jahn, Michael R. Hardy, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for U.S.

Before JOHNSON, JOLLY, and JONES, Circuit Judges.

JOHNSON, Circuit Judge.

Appellants, Robert Eldridge Marshall ("Marshall") and Evelyn King ("King"), each entered a plea of guilty to intentionally distributing a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1). Marshall was sentenced by the district court to 210 months of imprisonment and five years of supervised release. King received 108 months of imprisonment and five years of supervised release. Marshall appeals his conviction and sentence. King appeals her sentence. Finding no reversible error, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

During the month of July 1989, state and federal authorities conducted an undercover investigation into cocaine trafficking in Midland, Texas. A confidential informant made purchases from Marshall, King and a third co-defendant, Ramona Carol Davis ("Davis"). The total amount of cocaine base distributed by the three co-defendants during the investigation amounted to 19.56 grams.

Marshall, King and Davis were subsequently indicted on various drug trafficking offenses and each entered a plea of guilty on a single charge in return for a dismissal of the remaining charges. A presentence investigation report ("presentence report") was prepared by a federal probation officer for each defendant. In making its sentencing decision for Marshall and King under the Sentencing Guidelines, the district court adopted the presentence report's aggregation of all the drug deliveries as part of a single conspiracy. Also, Marshall was classified as a Career Offender under the Guidelines pursuant to the information contained in the presentence report concerning his prior offenses and release dates. In this appeal, Marshall and King challenge certain aspects of the district court's rulings.

## II. DISCUSSION

### A. Jurisdictional Sufficiency of Indictment

Marshall argues that his indictment was defective because it was never signed by the grand jury foreperson. Specifically, Marshall claims that this deprived the district court of jurisdiction to accept his guilty plea.

By pleading guilty, a defendant does not waive all jurisdictional defects. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). Nonetheless, the commentary to Rule 6(c) of the Federal Rules of Criminal Procedure makes clear that the foreperson's failure to sign the indictment is "an irregularity and is not fatal." Fed.R. Crim.P. 6(a) (citing *Frisbie v. United States*, 157 U.S. 160, 163–65, 15 S.Ct. 586, 587–88, 39 L.Ed. 657 (1895)). *See also United States v. Aimone*, 715 F.2d 822, 826 (3d Cir.1983), *cert. denied*, 468 U.S. 1217, 104 S.Ct. 3585, 82 L.Ed.2d 883 (1984).

At his sentencing, Marshall failed to object to the lack of a foreperson's signature and made no objection to the Government's supplement of the record on appeal with a grand jury concurrence form signed by the foreperson. This concurrence form, which indicates that eighteen (18) jurors concurred in the finding of the indictment against Marshall, offers sufficient proof that Marshall was indeed lawfully indicted. Therefore, the lack of the foreperson's signature on the indictment does not deprive the district court of jurisdiction.

### B. King's Sentence

King contends that the district court erred in calculating her sentence by considering her a co-conspirator responsible for distributing all the cocaine the Government received from King and her co-defendants (Marshall and Davis). The presentence report characterized King as "one of three principals" who delivered a total of 19.56 grams of cocaine base to the Government's informant between July 18, 1989, and July 28, 1989. King argues that the district

court's calculation of the base offense level based on this characterization had the effect of sentencing King for the offense of conspiracy to distribute cocaine, an offense different from the offense to which she entered a plea of guilty.

■ As applied to King, Sentencing Guidelines section 1B1.3(a) provides that all acts committed by King or aided and abetted by her or by a person for whose conduct she is legally accountable and that are part of the same course of conduct or scheme as King's distribution conviction are relevant to her sentencing. U.S. Sentencing Commission, *Guidelines Manual* § 1B1.3(a) (Nov. 1989). King is not being punished for an unconvicted extraneous offense. Rather, the district court properly used the conspiracy characterization to justify harsher penalties for the offense for which she was convicted. *See United States v. Byrd,* 898 F.2d .450, 452 (5th Cir. 1990).

■ King's argument that the district court should not have accepted the probation officer's characterization of her as a co-conspirator is not persuasive. As noted above, King is not being convicted of the offense of conspiracy. Thus, the Government is not required to prove the conspiracy or common scheme beyond a reasonable doubt. *Byrd,* 898 F.2d at 452. The Court's determination of relevant facts is discussed in the commentary to Sentencing Guidelines section 6A1.3:

> [S]entencing judges are not restricted to information that would be admissible at trial. 18 U.S.C. § 3661. Any information may be considered, so long as it has "sufficient indicia of reliability to support its probable accuracy." *United States v. Marshall,* 519 F.Supp. 751 (D.C. Wis.1981), *aff'd,* 719 F.2d 887 (7th Cir. 1983); *United States v. Fatico,* 579 F.2d 707 (2d Cir.1978).

This Court has recognized that a sentencing court may base a sentencing decision on reliable hearsay of a probation officer. *See, e.g., United States v. Cuellar–Flores,* 891 F.2d 92, 93 (5th Cir.1989) (uncorroborated hearsay testimony of a probation officer at sentencing hearing); *United*

*States v. Mejia–Orosco,* 867 F.2d 216, 220–21 (5th Cir.1989) (presentence report prepared by probation officer), *clarified,* 868 F.2d 807 (per curiam), *cert. denied,* — U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). In the instant case, the presentence report bases its conclusion that King was involved in a common scheme or plan with her two co-defendants upon the investigation by the Midland Police Department. The investigation revealed that the sales occurred within a two week period and were all made to the same Government informant. Additionally, the kind of drug involved was the same and the sales involved the same co-defendants. The district court did not err in finding sufficient indicia of reliability to support probable accuracy.

This Court also disposes of King's argument that she was denied her right of confrontation and cross-examination. In *United States v. Byrd,* this Court ruled against the same argument and recognized that hearsay is admissible for sentencing purposes. 898 F.2d at 452–53. The information concerning the conspiracy or common scheme appeared in the presentence report. Full disclosure was thereby made to King and she could have challenged these assertions by questioning individual officers knowledgeable about or involved in that investigation. While King objected, she failed to offer any contrary proof.

We therefore fail to find reversible error in the district court's finding that King was involved in the distribution of 19.56 grams of cocaine.

### C. *Career Offender Status of Marshall*

■ Marshall contends that the district court erred in sentencing him as a Career Offender because the Government did not give him notice prior to the guilty plea as required by 21 U.S.C. §§ 851(a) and (c). Those sections require that a prosecutor provide notice of prior convictions upon which the Government intends to rely in seeking increased punishment. According to the language of the statute, the notice requirement applies to persons convicted of an offense under Title 21 when the Govern-

ment seeks to enhance the maximum penalty under the recidivist provision of that statute. *See Hansen v. United States Parole Comm'n,* 904 F.2d 306, 309 (5th Cir. 1990). The statute does not apply, however, when sentencing is conducted under the Sentencing Guidelines and the defendant receives an increased sentence, which is within a statutory range. *See United States v. Wallace,* 895 F.2d 487, 489–90 (8th Cir.1990); *contra United States v. Williams,* 899 F.2d 1526 (6th Cir.1990). Since the Sentencing Guidelines do not require that the defendant be given notice when the Government intends to seek Career Offender status, the Government need not give any such notice prior to sentencing pursuant to the Sentencing Guidelines.[1]

■ Marshall further argues that the district court's determination that he was a Career Offender under Sentencing Guidelines section 4B1.1 was error because the Government failed to provide requisite proof. The cocaine indictment alleges that Marshall committed this offense in July 1989. The Government and Marshall agree that Sentencing Guidelines section 4A1.2(e) provides the applicable time period. Under this section, the district court counts "[a]ny prior sentence of imprisonment exceeding one year and one month that resulted in the defendant's incarceration during any part of such fifteen-year period."

Marshall had convictions in 1972 and 1978, each of which resulted in sentences of imprisonment in excess of one year and one month. The presentence report stated that Marshall was convicted of the following offenses: (1) first degree robbery (sentenced to five years to life on December 14, 1972); (2) robbery of government funds (sentenced to ten years on December 4, 1972); (3) three counts of first degree robbery (sentenced to five years to life on each count on February 22, 1973); and (4) possession of a controlled substance (sentenced to two years on March 18, 1980).

Although the parole date for the first robbery was November 21, 1977, Marshall was not released at that time because of the second robbery (government funds) conviction. Marshall was paroled on this federal sentence on August 4, 1978. This date is clearly within the fifteen year period contemplated by section 4A1.2(e)(2) of the Sentencing Guidelines. Marshall's parole dates and his actual release from custody on these other convictions occurred after August 1978. Thus, these convictions also fall squarely within the fifteen year period of section 4A1.2(e).

■ Marshall contends, for the first time on appeal, that the Government offered no evidence to corroborate the release dates stated in the pre-sentence report. The general rule is that this Court will not consider issues that were not raised before the district court unless such issues involve purely legal questions and the failure to review them would result in a manifest injustice. *United States v. Garcia–Pillado,* 898 F.2d 36, 39 (5th Cir.1990). Marshall's complaint fails to comply with this requirement. The determination of release dates involves factual, not legal, questions. Furthermore, the failure to consider this issue would not cause an injustice to Marshall; he was aware of the recitations in the presentence report concerning his release dates and at no time called the court's attention to a discrepancy or any difference of opinion on them.

■ Even if Marshall had disputed the facts as they related to his Career Offender status, the district court could rely upon uncorroborated hearsay testimony that carries sufficient indicia of reliability. *See Cuellar–Flores,* 891 F.2d at 93. Because the statements in the presentence report concerning Marshall's previous convictions and resulting release dates are simply the probation officer's written hearsay testimony based on public records, the district

---

1. It is noted that Marshall was told and acknowledged at his sentencing that he understood the Sentencing Guidelines applied to his sentence and the district court could not give an estimate of his sentence. Furthermore, Marshall told the district judge that he understood

that he faced up to 20 years in prison, a $1,000,000 fine, three years' supervised release and a $50 special assessment fee. Marshall does not challenge the five year supervised release term he received.

court could permissibly rely on such information. *See Mejia–Orosco,* 867 F.2d at 220–21.

## III. CONCLUSION

We fail to discern that the district court committed reversible error or abused its discretion. The convictions and sentences of Marshall and King are affirmed.

AFFIRMED.