966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Willie W. WEAVER, Defendant/Appellant.
 No. 90-3064.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 8, 1992.
Decided June 24, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Willie Weaver was arrested on May 24, 1988 for possession of cocaine by officers of the Milwaukee Police Department. He was charged in state court, but those charges were dismissed, and federal charges were brought. On September 18, 1989, Mr. Weaver pleaded guilty to possession with the intent to distribute approximately three kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a 360-month term in prison. On appeal, Mr. Weaver's appointed counsel filed a motion to withdraw, believing any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), we notified Mr. Weaver of his attorney's motion and informed him that he could file a response raising any grounds that showed why his conviction should be set aside. No such statement was filed; therefore, the motion is taken on the brief of the attorney and the record. Finding no meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 The plea agreement provided that Mr. Weaver would plead guilty to knowing and intentional possession with intent to distribute approximately three kilograms of cocaine. It stated that the charge in the indictment carried a minimum penalty of five years up to a maximum penalty of 40 years in prison, but that the sentence would be determined under the United States Sentencing Guidelines ("Sentencing Guidelines") after the Probation Office's appraisal of Mr. Weaver's conduct regarding the charge and related matters. As an express condition of the plea agreement, Mr. Weaver was to cooperate with the United States in its investigation of narcotics trafficking known to him. The plea agreement also delineated the rights that Mr. Weaver was waiving by entering into the agreement. Mr. Weaver acknowledged that no threats, promises, representations, or other inducements were made that were not in the agreement.
 
 
 3
 The presentence report noted that because of Mr. Weaver's previous convictions for felony narcotics offenses, his statutory penalty range was not less than 10 years nor more than life imprisonment. 21 U.S.C. § 841(b)(1)(B). Under the Sentencing Guidelines, the presentence report recommended a base level of 34 for offense conduct involving 40 kilograms of cocaine, with a two-point enhancement for possession of a weapon and a two-point reduction for acceptance of responsibility, resulting in an adjusted offense level of 34. Following Mr. Weaver's failure to appear at sentencing, the recommendation for the two-point adjustment for acceptance of responsibility was withdrawn and an additional two-point enhancement for obstruction of justice was recommended. After hearing testimony, the sentencing judge found that Mr. Weaver participated in the trafficking of 40 kilograms of cocaine and that he was a career criminal. The district court accepted the amended recommendation, concluding that under the Sentencing Guidelines, Mr. Weaver's criminal history category was VI, and his adjusted offense level was 38, carrying a sentencing range of 360 months to life imprisonment. Giving due consideration to the fact that Mr. Weaver did cooperate with the government before absconding, the sentencing judge sentenced him at the low end of the guidelines range to a term of 360 months.
 
 
 4
 In the Anders brief, counsel identifies the following issues which Mr. Weaver could conceivably argue on appeal: 1) counsel failed to render effective assistance; and 2) the government failed to notify Mr. Weaver that it was relying on his prior convictions to enhance his sentence. These issues were not presented to the district court.
 
 
 5
 To prove ineffective assistance of counsel, Mr. Weaver would have to establish that his counsel's assistance was constitutionally deficient and that the outcome of the proceedings was prejudiced by counsel's deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). In this guilty plea setting, Mr. Weaver would have to demonstrate that there is a reasonable probability that he would have insisted on going to trial in the absence of counsel's errors. United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir.1990). Counsel has identified two grounds of ineffective assistance of counsel that Mr. Weaver might assert.
 
 
 6
 Mr. Weaver may argue that counsel was constitutionally ineffective by failing to explain the consequences of federal charges as compared to state charges, in particular, the role of the career criminal provision and relevant conduct in the Sentencing Guidelines as well as the possible sentence he was facing. Had Mr. Weaver been properly advised of this information, he would not have requested that his case be transferred from state to federal court, where he received a higher sentence with no possibility of parole.
 
 
 7
 We generally do not consider an ineffective assistance of counsel claim raised initially on direct appeal that has not been addressed by the district court. United States v. Langer, No. 90-3783, slip op. at 9 (7th Cir. Apr. 28, 1992). Because the record is inadequate as to this issue, we will not consider it. He may instead raise this claim in a collateral proceeding under 28 U.S.C. § 2255. United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991).
 
 
 8
 Mr. Weaver's second ineffective assistance of counsel ground would be that counsel should have moved to suppress certain statements that Mr. Weaver made implicating himself in the trafficking of 40 kilograms of cocaine, allegedly made before Miranda warnings were administered. A special investigator of the Drug Enforcement Administration ("DEA") testified at the sentencing hearing that he met with Mr. Weaver while Mr. Weaver was detained by the Wisconsin authorities and debriefed him after Mr. Weaver had agreed to cooperate with authorities. At that meeting, Mr. Weaver related a number of transactions from which the agent calculated that 40 kilograms were involved. At the sentencing hearing, Mr. Weaver's counsel asked the DEA agent if he had advised Mr. Weaver of his constitutional rights before questioning him. The agent could not recall whether he had or not. The district court found that, based on the DEA agent's testimony and statement, as well as on Mr. Weaver's own testimony at the trial of another drug trafficker, it was abundantly clear that Mr. Weaver was a major drug trafficker who dealt in over 15 kilograms of cocaine.[1] We may address this ineffective assistance of counsel claim on direct appeal because this issue is sufficiently clear-cut. Langer, No. 90-3783, slip op. at 9.
 
 
 9
 When imposing a sentence, "a trial judge may appropriately rely on information beyond the scope of the evidence produced at trial." United States v. Nesbitt, 852 F.2d 1502, 1521 (7th Cir.1988). In this case, the sentencing judge appropriately relied on the DEA agent's testimony in order to conclude that more than 15 kilograms of cocaine were involved. Moreover, the record indicates that Mr. Weaver never disputed the DEA agent's testimony that Mr. Weaver had given essentially the same information under oath at another trial. In any event, Mr. Weaver was not prejudiced by counsel's failure to move to suppress the incriminating statements. Because Mr. Weaver was a career criminal who pleaded guilty to an offense involving a statutory maximum sentence of 25 years or more, under Sentencing Guideline § 4B1.1 his base offense level would have been 34 whether three kilograms of cocaine, as Mr. Weaver contends, or 40 kilograms were involved.
 
 
 10
 Finally, Mr. Weaver might argue that the government failed to notify him that it was relying on his prior convictions to enhance his sentence pursuant to 21 U.S.C. § 851(a)(1). The plea agreement and the plea hearing notified Mr. Weaver that his statutory penalty was between 5 and 40 years, but because of his previous convictions, the presentence report indicated that his statutory penalty was between 10 years and life.
 
 
 11
 Because Mr. Weaver failed to raise this issue below, it is waived without a showing of plain error. United States v. Langer, No. 90-3783, slip op. at 8 (7th Cir. Apr. 28, 1992). Under a plain error inquiry, we may only correct " 'particularly egregious errors' ... those errors that 'seriously affect the fairness, integrity or public reputation of judicial proceedings.' " United States v. Dweck, 913 F.2d 365, 370 (7th Cir.1990) (quoting United States v. Young, 470 U.S. 1, 15 (1985)).
 
 
 12
 The notice requirement of 21 U.S.C. § 851(a)(1) "applies to persons convicted of an offense under Title 21 when the Government seeks to enhance the maximum penalty under the recidivist provision of that statute." United States v. Marshall, 910 F.2d 1241, 1244-45 (5th Cir.1990). Whether this provision applies where a defendant receives an increased sentence under the Sentencing Guidelines by virtue of his criminal history that is within the statutory range has not been addressed by this court. The majority of circuits addressing this issue, however, have held that it does not. See e.g., United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir.1991); Young v. United States, 936 F.2d 533, 536 (11th Cir.1991); United States v. Novey, 922 F.2d 624, 629 (10th Cir.1991) (government provided notice of one prior controlled substance conviction before defendant pleaded guilty); United States v. McDougherty, 920 F.2d 569, 574 (9th Cir.1990); Marshall, 910 F.2d at 1245; United States v. Wallace, 895 F.2d 487, 490 (8th Cir.1990); contra United States v. Williams, 899 F.2d 1526, 1529 (6th Cir.1990). However, we need not reach this issue since Mr. Weaver's sentence of 30 years was not only within the career offender statutory range, it was also within the range declared in the plea agreement and at the plea hearing. Thus, there was no plain error.
 
 
 13
 Our review of the entire record reveals that there are no nonfrivolous grounds for an appeal in this case. The record indicates that the sentencing judge conducted a thorough colloquy, Fed.R.Crim.P. 11, and that Mr. Weaver's guilty plea was knowing and voluntary. Therefore, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 [1]
 A base offense level of 34 applies where at least 15 kilograms but less than 50 kilograms of cocaine are involved