tive sentences on all counts to best effectuate this sentence.

**UNITED STATES of America, Plaintiff,**

v.

**Rocco Ernest INFELISE, Robert Bellavia, and Louis Marino, Defendants.**

**No. 90 CR 87.**

United States District Court, N.D. Illinois, E.D.

Aug. 19, 1993.

Mitchell Mars, David Buvinger, Asst. U.S. Attys., Chicago, IL, for U.S.

George N. Leighton, Chicago, IL, for Marino.

Patrick A. Tuite, Chicago, IL, for Infelise.

Kevin E. Milner, Chicago, IL, for Bellavia.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

On March 1, 1992, the jury in this five defendant trial reached its verdict. The jury found defendant Rocco Ernest Infelise guilty on Counts 1–2, 6–7, 12–17, and 33–42 of the superseding indictment. With respect to Count 1, the jury found Infelise guilty of all charged unlawful debts and Racketeering Acts 5(a)–(c), 6–7, 10(a)–(b), 11(a)–(b), 17(a), 24, and 26. The jury found Infelise not guilty of Racketeering Acts 8 and 9(a), and could not reach a verdict on Racketeering Act 17(b). The jury also could not reach verdicts on Counts 8–9.

The jury found defendant Robert Bellavia guilty on Counts 1–2 and 6 of the superseding indictment. With respect to Count 1, the jury found Bellavia guilty of Unlawful Debt 4 and Racketeering Acts 5(a), 17(a), and 24. The jury could not reach verdicts on Racketeering Act 17(b) and Counts 8–9.

The jury found defendant Louis Marino guilty on Counts 1–2 and 18 of the superseding indictment. With respect to Count 1, the jury found Marino guilty of Unlawful Debts 2 and 5, and Racketeering Acts 5(a)–(b), 6–7, 9(a), 10(a)–(b), and 11(a)–(b). The jury could

not reach verdicts on Racketeering Acts 17(a)–(b) and Counts 8–9.[1]

After receiving defendants' presentence investigation reports ("PSI") in late August 1992, this court took extensive briefing on Infelise's, Bellavia's, Marino's, and the government's objections to the PSIs and related motions.[2] After these motions became fully briefed and the final trial transcript was completed,[3] this court issued extremely detailed opinions explaining the court's rulings on all sentencing issues, including objections to the PSIs and the government's motion for upward departures.[4]

This case is currently before the court on defendants Infelise's, Bellavia's, and Marino's motions to reconsider this court's sentencing opinions. For the reasons stated below, defendants' motions are denied.

### Defendants' Motions to Reconsider

Infelise, Bellavia, and Marino raise several objections to this court's rulings on their sentencings, the majority of which relate to this court's determination that they should be held accountable for Hal Smith's murder and should be assigned offense levels of 43 to account for this crime. Defendants argue that they did not receive notice prior to trial that they would have to defend against the possibility of this court making factual findings under a preponderance of the evidence standard. According to defendants, making factual findings at sentencing by a preponderance of the evidence violates their right to trial by jury and their right to confront witnesses. Defendants further argue that credibility determinations must be made by the jury, and not this court. And, for those charges on which the jury could not reach a verdict, defendants claim that the burden remains on the government to prove defendants' guilt beyond a reasonable doubt, and

not only by a preponderance of the evidence as this court permitted in this case.

As this court explained in its July 15 and July 22, 1993 opinions on defendants' sentences, it is well established in this circuit that a defendant can be held accountable for relevant conduct of which he was not convicted at trial. *United States v. Masters*, 978 F.2d 281, 286–87 (7th Cir.1992); *United States v. Villasenor*, 977 F.2d 331, 336 (7th Cir.1992); *United States v. Duarte*, 950 F.2d 1255, 1263 (7th Cir.1991); *United States v. Fonner*, 920 F.2d 1330, 1332–34 (7th Cir. 1990); *United States v. Franklin*, 902 F.2d 501, 504 (7th Cir.), *cert. denied*, 498 U.S. 906, 111 S.Ct. 274, 112 L.Ed.2d 229 (1990); *see also United States v. Jewel*, 947 F.2d 224 (7th Cir.1991); *United States v. Edwards*, 945 F.2d 1387 (7th Cir.1991); *United States v. Morrison*, 946 F.2d 484 (7th Cir.1991). It is also well established in this circuit that facts at sentencing need only be proven by a preponderance of the evidence. *Masters*, 978 F.2d at 286–87; *Duarte*, 950 F.2d at 1263; *United States v. White*, 888 F.2d 490, 499 (7th Cir.1989).

Making factual findings under the preponderance standard does not violate defendants' constitutional rights as they suggest. As the government points out, Congress has expressly provided that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Making credibility determinations also does not violate defendants' constitutional rights. It is well within this court's province to make credibility determinations for

---

1. For a thorough explanation of the facts of this case and the charges against defendants Infelise, Bellavia, and Marino, see *United States v. Infelise*, 835 F.Supp. 1466 (N.D.Ill.1993) and *United States v. Marino*, 835 F.Supp. 1501 (N.D.Ill. 1993).

2. For a more thorough explanation of the circumstances surrounding the briefing of the parties' objections to the PSIs and related motions

in this case, see *United States v. Infelise*, 835 F.Supp. 1466 (N.D.Ill.1993).

3. The final trial transcript was completed and filed with the district court on June 10, 1993.

4. On July 15, 1993, this court issued a 96 page opinion ruling on the issues related to Infelise's and Bellavia's sentencings. On July 22, 1993, this court issued a 116 page opinion ruling on the issues related to Marino's sentencing.

sentencing purposes. *See United States v. Johnson,* 997 F.2d 248 (7th Cir.1993); *United States v. Beal,* 960 F.2d 629, 634 (7th), *cert. denied,* —— U.S. ——, 113 S.Ct. 230, 121 L.Ed.2d 166 (1992). As the Seventh Circuit explained in *Beal:*

> a sentencing judge is free to consider "a wide variety of information that would be inadmissible at trial, including hearsay." *United States v. Agyemang,* 876 F.2d 1264, 1271 (7th Cir.1989). This district court is empowered to consider this broad range of information so that it may impose the sentence most appropriate to the defendant's circumstances.

960 F.2d at 634.[5]

■■■■ Moreover, relying on the preponderance standard at sentencing does not violate defendants' right to confront witnesses. It is well established that the confrontation clause does not apply to sentencings and defendants have failed to provide this court with any evidence or caselaw to the contrary. *See, e.g., United States v. Tardiff,* 969 F.2d 1283, 1287 (1st Cir.1992); *United States v. Wise,* 976 F.2d 393, 402 (8th Cir.1992) (en banc); *United States v. Kikumura,* 918 F.2d 1084, 1102–03 (3d Cir.1990); *United States v. Reid,* 911 F.2d 1456, 1464 (10th Cir.1990), *cert. denied,* 498 U.S. 1097, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991); *United States v. Marshall,* 910 F.2d 1241, 1244 (5th Cir.1990), *cert. denied,* 498 U.S. 1092, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991). And, as explained above, the Seventh Circuit has clearly established that it is appropriate to apply the preponderance standard to factual findings at sentencing. *See, e.g., Masters,* 978 F.2d at 286–87; *Duarte,* 950 F.2d at 1263.

■■■■ Defendants also attack this court's determination that Jahoda's testimony regarding Smith's murder was credible. Defendants argue that the government did not present adequate evidence of defendants' participation in Smith's murder "except for the uncorroborated and often impeached and contradicted word of B.J. Jahoda."[6]

This court disagrees. After reviewing all the evidence, this court determined that defendants should be held accountable for Smith's murder. As this court explained with respect to defendant Marino's sentence, this court could rely on Jahoda's testimony alone in meeting the preponderance standard applicable to this determination. Indeed, the uncorroborated testimony of a co-conspirator could be relied upon when finding beyond a reasonable doubt that a defendant is guilty of a crime. *See United States v. Byerley,* 999 F.2d 231 (7th Cir.1993); *United States v. Trujillo,* 959 F.2d 1377 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 277, 121 L.Ed.2d 204 (1992).[7]

Defendants have not provided this court with any reason to reconsider its determination that Jahoda's testimony was credible. During the trial, Jahoda was on the witness stand for approximately 4–5 weeks, testifying and being cross-examined regarding illegal acts committed by Infelise, Bellavia, Marino, and other Ferriola Street Crew members. Not only did defendant's demeanor indicate that his testimony was credible, but, Jahoda's testimony was often corroborated by other witnesses and tape recorded conversations. *See, e.g., Unites States v. Infelise,* 835 F.Supp. 1466 (N.D.Ill.1993); *United States v. Maltese,* 90 CR 87–19, 1993 WL 222350 (N.D.Ill. June 18, 1993); *United States v. Zitello,* 90 CR 87–11, 1993 WL 62394

---

**5.** Given the extensive caselaw on this issue and the arguments raised in defendants' original sentencing briefs, this court does not find defendants' claim that they were not put on notice that they would be judged under the preponderance of the evidence standard at sentencing to be credible.

Moreover, this court has reviewed the caselaw presented by defendants regarding the various issues raised with respect to the applicability of the preponderance standard at sentencing. However, these cases are not persuasive because they address such issues as a defendant' right to confrontation and the making of factual determi-

nations at trial, rather than at sentencing, as is the case here. As explained above, the Seventh Circuit has clearly established that it is appropriate to use the preponderance standard at sentencing. *See Masters,* 978 F.2d at 286–87; *Duarte,* 950 F.2d at 1263; *White,* 888 F.2d at 499.

**6.** Defendant Infelise's Motion to Reconsider Court Sentencing Opinion at 6.

**7.** *United States v. Marino,* 835 F.Supp. 1501, 1517 (N.D.Ill.1993).

(N.D.Ill. Feb. 17, 1993); *United States v. Aleman*, 90 CR 87–12, 1992 WL 390912 (N.D.Ill. Dec. 16, 1992).

With respect to Hal Smith's murder, Jahoda testified extensively regarding Smith's stalking and the events surrounding his murder. Jahoda clearly identified Infelise, Bellavia, and Marino as participating in the stalk and murder of Smith. And, Jahoda's testimony was corroborated by tape recorded conversations and other evidence regarding details of the murder. *See, e.g.,* Government Exhibits 453, 457, 459. As this court determined in its original sentencing rulings, such evidence is sufficient to prove by a preponderance of the evidence that Infelise, Bellavia, and Marino participated in Smith's murder. Therefore, since defendants have not presented any compelling evidence to the contrary, these objections to this court's sentencing rulings regarding Smith's murder are overruled.

■ Defendants next attack the appropriateness of assigning them offense levels of 43 to account for Smith's murder. This court followed the three calculation methods approved by the Seventh Circuit in *Masters*, 978 F.2d 281, a case which is, factually and legally, very similar to the instant case. Like the court in *Masters*, this court found that defendants should be assigned offense levels of 43 based upon U.S.S.G. §§ ("Sections") 2A2.1 and 5K2, guideline provisions in effect at the time of the indictment in this case, Section 2A1.5, the guideline provision in effect at the time of sentencing, and Section 2A1.1, the guideline provision applied for first degree murder.

Defendants argue that this court's ruling violates the ex post facto clause of the Constitution. However, there is no ex post facto bar to applying the guidelines where, as here, the defendants' criminal activity continues into the period covered by the Sentencing Reform Act. *United States v. Masters*, 924 F.2d 1362, 1369 (7th Cir.1991); *United States v. Fazio*, 914 F.2d 950, 958–59 (7th Cir.1990). Moreover, relying on the noted

guideline provisions does not violate the ex post facto clause because courts must apply the guidelines "that are in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4); *Masters*, 978 F.2d at 284.

Indeed, in *Masters*, the Seventh Circuit did not find that the ex post facto clause was violated by the calculation methods applied in that case. *See* 978 F.2d at 284. Infelise and Bellavia fail to attack, let alone mention, the applicability of *Masters* to the instant case. Marino attacks the applicability of *Masters*, claiming that it does not address his objection that using the preponderance standard denies him due process of law. Contrary to Marino's contention, the Seventh Circuit specifically stated in *Masters* that using this standard did not violate the due process clause. As the court explained:

> *McMillan v. Pennsylvania*, 477 U.S. 79 [106 S.Ct. 2411, 91 L.Ed.2d 67] (1986), holds that the preponderance standard satisfies the due process clause. We have applied this holding to sentencing under the federal guidelines. *United States v. Ebbole*, 917 F.2d 1495 (7th Cir.1990). Similarly, the Supreme Court has concluded that the preponderance standard is appropriate when deciding whether to use other-crimes evidence at trial. *Huddleston v. United States*, 485 U.S. 681, 690 [108 S.Ct. 1496, 1501, 99 L.Ed.2d 771] (1988). The district judge used the preponderance standard when concluding that Masters is responsible for his wife's murder, and this was entirely proper. Conviction at trial supplies all the justification the Constitution requires for depriving the defendant of liberty for any term up to the maximum prescribed by statute. How much of that time to grant back in sentencing, and what procedures to use when doing so, are legislative rather than constitutional choices given *McMillan* and its many predecessors.

*Masters*, 978 F.2d at 284. Therefore, this court finds that the offense levels assigned to defendants do not violate the ex post facto clause.[8]

---

8. Defendants also attack certain enhancements applied by this court with respect to Section 2A2.1. This court thoroughly explained the basis

for these enhancements in its original sentencing rulings. Since defendants do not raise significant factual or legal bases for reconsidering

■ Finally, defendants argue that the sentences to be imposed on them violate the prohibition against double jeopardy because defendants will be sentenced for substantive acts which mirror predicate acts charged under the RICO conspiracy count. As defendants suggest, the Double Jeopardy Clause of the Fifth Amendment protects against a double prosecution for the same offense. However, it is well established that defendants, such as Infelise, Bellavia, and Marino, may be charged, convicted, and sentenced in the same case for violating a statute and RICO predicated on that statute. *United States v. Aucoin,* 964 F.2d 1492, 1499 (5th Cir.1992); *see also United States v. Beale,* 921 F.2d 1412 (11th Cir.1991); *United States v. Pungitore,* 910 F.2d 1084 (3d Cir.1990); *United States v. Aleman,* 609 F.2d 298 (7th Cir.1979).

■ Where, as here, defendants are convicted under substantive statutes and RICO predicated on those statutes, there is no double jeopardy violation in this case because the elements of the statutes differ. For example, the gambling statute under which defendants were convicted requires proof that five or more persons were participating in the business, that the business was in substantially continuous operation for 30 days or more, or that the business had gross revenues of $2,000 in any single day. 18 U.S.C. § 1955 ("Section 1955"). None of these elements are required to prove the RICO violation of which defendants were convicted. RICO requires proof that an enterprise existed and that the person participated in the conduct of the enterprise through a pattern of racketeering activity or the collection of unlawful debts. 18 U.S.C. § 1962; *see Aucoin,* 964 F.2d at 1500. While debt collection is a necessary part of a gambling operation, it is not a specified element of Section 1955. Therefore, since the substantive offenses of which defendants were convicted require proof of facts which the RICO offense does not, *see Blockburger v. United States,* 284

U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), defendants' sentences do not violate the Double Jeopardy Clause.[9]

Since defendants do not raise objections which provide a sufficient basis for this court to reconsider its extensive rulings of defendants' guideline computations, this court denies defendants' motions to reconsider.

### Conclusion

For the reasons stated above, defendant Infelise's, Bellavia's, and Marino's motions to reconsider court sentencing opinions are denied.

---

these determinations, this court will stand on its original rulings with respect to these enhancements. *See United States v. Infelise,* 835 F.Supp. 1466 (N.D.Ill.1993); *United States v. Marino,* 835 F.Supp. 1501, (N.D.Ill.1993).

**9.** Defendants Bellavia and Marino also challenge certain factual findings made by this court. This court has reviewed the evidence and finds it sufficient to support the disputed factual findings. Therefore, these objections are overruled.