IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40015
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

REYNALDO VARGAS; ELISANDRO VARGAS,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-505-2
--------------------
December 19, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        Reynaldo Vargas and Elisandro Vargas appeal from their
jury-trial convictions for conspiracy to possess more than 100
kilograms of marihuana with intent to distribute.  Elisandro Vargas
also appeals his conviction for possession of more than 100
kilograms of marihuana with intent to distribute and his sentence.

        With regard to Reynaldo Vargas' challenge to the
sufficiency of the evidence, we have reviewed the record and the
briefs of the parties and hold that the evidence presented at trial
was sufficient for a reasonable jury to have found, beyond a
reasonable doubt, that Reynaldo Vargas conspired to possess

        [*]
Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

marihuana with intent to distribute it.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Elisandro Vargas avers in an entirely conclusional fashion that the evidence was insufficient to sustain his convictions for conspiracy to possess marihuana with intent to distribute and possession of marihuana with intent to distribute.  The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review[.]"  Fed. R. App. P. 28 (a)(9); see Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  General arguments giving only broad standards of review and not citing to specific errors are insufficient to preserve issues for appeal.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Elisandro Vargas' attorney has inadequately briefed the issue. The two-paragraph argument contains no citation to the record and contains the wrong standard of review.  The brief contains no real "argument" on the issue of the insufficiency of the evidence; rather, it is composed wholly of conclusional allegations.  Thus, Elisandro Vargas' insufficiency challenge to his convictions is abandoned on appeal.

Elisandro Vargas argues that he was denied his Sixth Amendment right to a trial by a jury selected from a fair cross-section of the community.  Elisandro Vargas fails to establish, or even allege, a systematic exclusion of a distinctive group in the

selection process for venire members. Taylor v. Louisiana, 419 U.S. 522, 526-28 (1975).

Elisandro Vargas avers that district court erred in failing to strike the Government's notice of enhancement because it was not timely filed. See 21 U.S.C. § 851(a)(1). Section 851(a)(1) requires the Government to file an information with the court and to notify the defendant of its intent to seek enhancement based on a prior conviction. United States v. Steen, 55 F.3d 1022, 1025-26 (5th Cir. 1995).

Elisandro Vargas' argument is without merit for it confuses sentence enhancement with career-offender status. The notification requirements of 21 U.S.C. § 851(a)(1) are triggered only when the Government seeks to enhance the maximum sentence on the basis of prior substance offenses. United States v. Marshall, 910 F.2d 1241, 1245 (5th Cir. 1990). This statutory notice requirement does not apply, however, when sentencing is conducted under the guidelines and the defendant receives an increased sentence within the statutory range. Id. Due to Elisandro Vargas' two prior felony drug convictions, he qualified for "career offender" status under U.S.C.G. § 4B1.1. No enhancement under 21 U.S.C. § 851(a)(1) was applied.

AFFIRMED.