IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20893
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR ALEXIS AGUILAR-PEREIRA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-59-1
- - - - - - - - - -
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Oscar Alexis Aguilar-Pereira (Aguilar) appeals his sentence from his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He argues, for the first time on appeal, that the district court erred by not inquiring as to whether "he personally would affirm or deny each and every previous offense considered by the court to enhance his sentence[.]" Aguilar's argument, which primarily relies on cases dealing with the notice requirements of 21 U.S.C. § 851, is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

misguided.  The Government did not seek to have Aguilar's sentence enhanced under that statute.  The procedural requirements of 21 U.S.C. § 851 do not apply "when sentencing is conducted under the Sentencing Guidelines and the defendant receives an increased sentence, which is within a statutory range[.]"  United States v. Marshall, 910 F.2d 1241, 1245 (5th Cir. 1990).  Thus, Aguilar has not shown any error, plain or otherwise.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Aguilar also contends, for the first time on appeal, that he "was denied his rights as a non-citizen to consular notification under the Vienna Convention on Consular Relations[.]"  Aguilar's appeal of this issue has been waived by his unconditional guilty plea.  See United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991).  Even if he had not waived his right to appeal this issue, Aguilar would still not be entitled to a remand.  We have recently rejected the argument that the Vienna Convention confers a private, judicially-enforceable right of consultation between a detained foreign national and his consular office.  United States v. Jimenez-Nava, 243 F.3d 192, 195-98 (5th Cir.), cert. denied, 121 S. Ct. 2620 (2001).

AFFIRMED.