# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-51075
Summary Calendar

August 13, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY HARRISON, also known as Black Boy, also known as Rodney Elvy
Harrison,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-464-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rodney Harrison pleaded guilty to conspiracy to possess with intent to
distribute more than 28 grams of cocaine base in violation of 21 U.S.C. § 846,
and he was sentenced to 120 months of imprisonment and four years of
supervised release. Harrison pleaded guilty pursuant to a plea agreement in
which he waived the right to appeal his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Harrison argues that the Government breached its plea agreement when the United States Probation Officer applied the career offender enhancement in U.S.S.G. § 4B1.1, thereby, in his view, failing to provide the required notice that it intended to seek an increased mandatory minimum sentence under 21 U.S.C. § 851.  He contends that prior to his guilty plea, the Government wrote to his attorney and explained that it would agree not to seek an adjustment based on the career offender enhancement, contingent upon Harrison's agreement to plead guilty.

The Government contends that nothing in the plea agreement addressed whether Harrison would receive a career offender enhancement under the Sentencing Guidelines.  The Government argues that Harrison is confusing a *statutory* sentence enhancement under §§ 841 and 851 with the career-offender *guideline* enhancement under § 4B1.1.

Although Harrison waived his right to appeal his sentence in his plea agreement, we have held that "an alleged breach of a plea agreement may be raised despite a waiver provision." *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010) (citing *United States v. Keresztury*, 293 F.3d 750, 755-57 (5th Cir. 2002).  As a general rule, whether the Government breached a plea agreement is a question of law subject to de novo review, but in this case our review is limited to plain error because Harrison did not raise the breach issue in the district court. *See United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001).  To prevail on plain error review, Harrison must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  In those circumstances, we still must determine whether to exercise discretion to correct the error. *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012)(en banc).

In determining whether the Government has breached a plea agreement, we examine whether the Government's conduct is consistent with the defendant's reasonable understanding of the agreement. *United States v.*

*Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1126 (2012). The defendant has the burden of establishing the facts showing a breach. *Id*.

Although it is not part of the written plea agreement, the Government agreed in e-mail correspondence with Harrison's counsel that although "the government has the option of filing a notice of enhancement pursuant to 21 U.S.C. section 851, in which case the statutory mandatory minimum sentence would be increased from 5 years to 10 years, and the term of supervised release would be increased from 4 to 8 years" the Government would "agree not to file a notice of enhancement if your client pleads promptly, i.e. before the next Ellis deadline." The correspondence did not mention the career offender enhancement under the Sentencing Guidelines in § 4B1.1.

The record shows that the Government complied with its agreement not to seek a statutory sentence enhancement under § 851. The Government correctly argues that a statutory sentence enhancement under § 841(b) and § 851 is different from a career offender sentence enhancement under § 4B1.1 of the Guidelines. Harrison's sentence was enhanced under § 4B1.1, not § 841(b), and he therefore was not entitled to notice under § 851. *See United States v. Marshall*, 910 F.2d 1241, 1245 (5th Cir. 1990). Harrison "could not have reasonably understood the plea agreement" as prohibiting the career offender enhancement. *See Pizzolato*, 655 F.3d at 410. Harrison has not demonstrated plain error in the application of the career offender guideline under his plea agreement. *See Reeves*, 255 F.3d at 210. We therefore do not need to address Harrison's argument about whether the inclusion of the career-offender enhancement in the Pre-Sentence Report at the direction of the United States Probation Office could qualify as a "Government breach."

The Government argues that Harrison's appeal waiver should be enforced and his appeal should be dismissed. Harrison has the right to appeal in order to challenge his appeal waiver on grounds of breach of the plea agreement by the Government. *See Roberts*, 624 F.3d at 244. However, having determined that

the Government did not breach the plea agreement, Harrison may not appeal his sentence. *See Keresztury*, 293 F.3d at 756-57 (distinguishing issue of breach of plea agreement from sentencing issue); *Pizzolato*, 655 F.3d at 411-12 (determining that Government did not breach the plea agreement and that the appeal waiver thus applied to the sentencing challenge).

Although Harrison does not clearly delineate a sentencing issue separate from his argument that the Government breached the plea agreement, he does argue that the career offender enhancement was improper and that the district court lacked the authority to enhance his sentence based upon a prior conviction because the Government failed to comply with the notice procedures of § 851. He asks that his case be remanded to the district court for a new sentence.

Because the Government did not breach the plea agreement, the appeal waiver is enforced to preclude consideration of this sentencing issue. However, because Harrison had the right to appeal to challenge the appeal waiver in the plea agreement based on a breach, we do not dismiss the appeal, but we affirm his sentence. *See Roberts*, 624 F.3d at 244; *Pizzolato*, 655 F.3d at 412.

AFFIRMED.