# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2020

Lyle W. Cayce
Clerk

No. 19-50185
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERMAN ELLIOTT ADAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-68-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Herman Elliott Adams appeals the 120-month sentence imposed following his guilty plea conviction for conspiracy to distribute at least 500 grams of methamphetamine. He argues that the district court clearly erred in denying him safety valve relief and the corresponding two-level reduction under U.S.S.G. § 2D1.1(b)(18) because the Government

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50185

presented no reliable evidence to establish that he was not completely truthful and forthcoming and, alternatively, any omission or falsehood was immaterial because it was not relevant conduct for his offense of conviction.

This court reviews the district court's decision whether to grant a safety valve adjustment for clear error. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). As relevant here, to qualify for safely valve relief, the defendant has the burden of establishing eligibility for such a reduction, including showing that he timely and truthfully provided the Government with all relevant information and evidence "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996); U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5).

Adams is correct that the district court may not rely on the Government's unsupported conjecture or speculation that Adams was not truthful and forthcoming to deny him a safety valve reduction. *United States v. Miller*, 179 F.3d 961, 968 (5th Cir. 1999). Here, however, the district court heard Adams's proffer and the testimony of an agent of the Federal Bureau of Investigation who monitored two controlled buys and a related heroin transaction and who spoke to Adams prior to his arrest. The district court credited that testimony and rejected Adams assertions that (1) he had only engaged in the two controlled buys, (2) he had not provided heroin to a confidential informant (CI), and (3) his offers to sell more and other drugs were mere puffing. *See United States v. Charon*, 442 F.3d 881, 890-91 (5th Cir. 2006) (internal quotation marks and citations omitted); *United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999). That evidence and the agent's testimony regarding Adams's ability to buy large quantities of "ice" methamphetamine, his offer to front a significant amount of drugs to the CI, and his knowledge of drug jargon

2

provided a sufficient basis for the district court to make "an independent determination of [Adam's] truthfulness[] based on the evidence before it." *Miller*, 179 F.3d at 968 (internal quotation marks and citation omitted).

Adams cites no authority establishing that the heroin transaction, which occurred several minutes after the second controlled buy and was promised in the course of the first controlled buy, was not relevant conduct under *Miller*. To the contrary, this court has long recognized that relevant conduct may include drug offenses not specified in the count of conviction, *see United States v. Byrd*, 898 F.2d 450, 452 (5th Cir. 1990), and U.S.S.G. § 1B1.3, cmt. (n.5(B)(ii)), which defines relevant conduct, expressly provides that offenses are "part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses."

The district court's factual determination is plausible in light of the entire record and is supported by "easily recognizable" facts in the record, so Adams cannot demonstrate that the district court clearly erred in denying a safety valve reduction based on his failure to truthfully and fully disclose to the Government. *See Miller*, 179 F.3d 961 at 968; *Davis*, 76 F.3d at 84. The judgment of the district court is AFFIRMED.